This matter came before Associate Justice Todd R. Matha, Associate Justice Trida A. Zunker and Chief Justice Mary Jo Hunter on appeal of the Trial Court’s Order (Partially Granting Motion), CV 09-70 (HCN Tr. Ct., Aug. 19, 2014), contesting the Trial Court’s decision that treated a written submission by Appellee as a motion to recover debts owed to her. This Court convened Oral Argument on February 28, 2015. Attorney William Gardner represented Appellant, Wesley Boyles. Appellee Patricia Boyles appeared pro se.[1]

PROCEDURAL HISTORY

On May 24, 2010, the Trial Court recognized a debt owed by the Appellant to the Appellee for vehicle purchase, the construction of a garage and attorneys’ fees for a total of $40,000. Order (Final J.), CV 09-70 (HCN Tr. Ct, May 24, 2010) at 11. Appellee sought recovery from Appellant’s Children’s Trust Fund as Appellant was not yet 25, which was a prerequisite to receipt of his funds. The Trial Court refused to release the funds at that time.
On June 26, 2014, Appellee filed a copy of a correspondence directed at Appellant with the Ho-Chunk Nation Clerk of Court. The Trial Court viewed this correspondence as a motion and convened a Motion Hearing for CV 09-70 wherein the new alleged debt of rent was raised and considered. Ultimately, the Trial Court determined that Appellant owed Appellee $14,000 and declined to include any unpaid rent debt in the amount ordered. On August 19, 2014, the Trial Court ordered garnishment of Appellant’s per capita funds and imposed a restriction on Appellant’s access to per capita funds for use as loan collateral. Appellant filed an appeal of that order on October 20, 2014.[2]

*387
QUESTION PRESENTED

Did the Trial Court properly consider a filing by Appellee as a motion wherein Appellee did not make a specific request directed to the Trial Court?

STATEMENT OF FACTS

The underlying dispute between Appellant and Appellee regards debts owed to Appellant. Despite the order entered on May 24, 2010, Appellant did not pay any amount adjudged owed to Appellee when he received his Children’s Trust Fund monies upon turning 25. Appellee sought recourse in the Trial Court by filing a copy of a correspondence from Appellee to Appellant.
The filing submitted by Appellant was dated June 3, 2014. It was a handwritten correspondence to Wesley Boyles from Patricia Boyles that stated: “You owe me $7,000 for 1 Dodge—1974 car. You also owe me $10,800.00 for 3 years rents. You, youre [sic] son and youre [sic] wife all lived here rent free. I did things for you, I assumed that you would pay me back.” Motion, CV 09-70, (HCN Tr. Ct„ June 26, 2014). An unclear total is listed. It is signed by Appellee Patricia Boyles and dated 6/3/2014. On the top of the paper, it states “case # ” without any specific case number listed. It was stamped and filed as received by the Trial Court on June 26, 2014. The Trial Court noted the correspondence “was not clearly written” and characterized the filing as a motion. Order (Partially Granting Mot.), CV 09-70 at 8. The Trial Court convened a Motion Hearing wherein the new alleged debt of rent was raised and considered. Ultimately, the Trial Court determined that Appellant owed Appellee $14,000 and ordered garnishment from his per capita funds, not to exceed 60% of funds per quarter.

ISSUE

A motion must meet the requirements of Ho-Chunk Nation Rules of Civil Procedure, Rule 18, specifically that it is: a request that is directed to the court.
At issue for review is whether the handwritten document filed by Appellee was properly considered a motion. Motions are requests directed to the Court and must be in writing except for those made in Court. HCN R. Civ. P. 18. Here, two issues exist. First, no request is made to the Trial Court. The Trial Court, on its own volition, characterized the filing as a motion for execution of judgment from the 2010 judgment based on the statements of amounts owed. It further stated the filing contained a waiver of part of the 2010 debt pertaining to the construction of the garage, presumably because it is not an item listed. Order (Partially Granting Mot.), CV 09-70 at 9.
Second, the document is not directed to the Trial Court. It dearly states “To: Wesley Boyles” in the upper left side of the document. It is a copy of a correspondence from Patricia Boyles to Wesley Boyles, A plain reading of HCN R. Civ. P. 18 does not include copies of correspondences between parties as “directed to the court.”
Because the document failed to make a request directed to the Trial Court, this filing is not a proper motion. The Trial Court erroneously accepted it as a motion relating to the 2010 case as it is procedurally deficient.
Additionally, further problematic is that an item listed in the filing was not part of *388 the 2010 judgment, specifically the alleged debt for rent. This new debt was evaluated in the Motion Hearing as potentially part of any judgment awarded. If the Appellee is seeking recovery on additional alleged debts, the proper recourse is to file a complaint in the Ho-Chunk Nation Trial Court. The Ho-Chunk Nation Rules of Civil Procedure are clear regarding the requirements of a complaint:
The Complaint shall contain short, plain statements of the grounds upon which the Court’s jurisdiction depends, the facts and circumstances giving rise to the action, and a demand for any and all relief that the party is seeking. Relief should include, but is not limited to, the dollar amount that the party is requesting. The Complaint must contain the full names and addresses of all parties and any counsel, as well as a telephone number at which the complainant may be contacted. The Complaint shall be signed by the filing party or his/her counsel, if any.
HCN R. Civ. P. 3(A), Viewed under this interpretation, the document filed is even further from meeting the requirements. It lacks a statement regarding jurisdiction, the dollar amount sought is unclear, and it fails to include addresses of the Appellant as well as complainant’s telephone number.
Under either view, the filing fails to meet basic procedural requirements. Our courts encourage pro se representation and often employ a more generous approach toward filings, especially with respect to pro se elder litigants. But, basic procedural requirements must be met to ensure due process of law to all parties. Here, interpreted as a motion in case number CV 09-70, the minimum requirements are: 1) a request that is 2) directed to the court. The Appellee has not satisfied these minimal requirements. Appellee certainly may seek recovery of the 2010 judgment by filing a proper motion for execution of judgment under Rule 71 of the HCN Rules of Civil Procedure.
Reversed.
EGI HESKEKJET.

. Prior to commencing oral argument, Appel-lee stated she had legal counsel. She stated she faxed information to Wisconsin Judicare, Inc., including the time for oral argument. It was unclear whether she actually retained legal counsel or simply sent information to them as there was no confirmation to Appel-lee, so the Court proceeded with oral argument. Coincidentally, the Court did have a second oral argument later this same day in which the director of Judicare, Attorney David Armstrong, appeared on behalf of a party. He was requested to remain in the courtroom after his case was complete at which point he was questioned regarding representation of Appellee. He stated he was aware of her need for counsel but that his office did not undertake representation of her.

. On October 21, 2014, the Supreme Court reviewed the matter and determined pro se Appellant submitted a deficient Notice of Appeal as it did not conform to the requirements of Rule 11 of the Ho-Chunk Rules of Appellate Procedure. The Court determined that due to Appellant’s pro se status, he would be permitted the opportunity to cure his deficient Notice of Appeal. On October 29, 2014, the Clerk of the Supreme Court issued a letter to Appellant, informing him of the deficiency and permitting ten (10) days to cure. The tenth day fell on Sunday, November 9, 2014. Because it fell on a weekend, he was permitted to re-submit on November 10, 2014. On November 10, 2014, Appellant, by and through his counsel, Attorney William Gardner, submitted a cured Notice of Appeal along with a request to stay the Trial Court's order *387 garnishing his per capita income and restricting his use of per capita income for loan purposes.